UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **00 - 6207**  CR - DIMITROULEAS

18 U.S.C. §286

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| BRADLEY HERTZ and JOHN LEITI, | ) ) ) |
| Defendants. | ) ) / |

MAGISTRATE JUDGE
SNOW

### INFORMATION

The United States Attorney charges that:

At all times material to this Information:

1. Medicare was and is a program designed to provide medical services, medical equipment and supplies to elderly, blind and disabled beneficiaries pursuant to the Social Security Act (Title 42, United States Code, Section 301 et seq.). The Medicare program was and is administered by the United States Department of Health and Human Services ("HHS"), through the Health Care Financing Administration (HCFA).

2. The United States Department of Health and Human Services was and is a Department of the United States with responsibilities pursuant to federal law for the funding, administration and supervision of certain health care benefit programs, including the Medicare program. HCFA was and is an agency of the United States.

3. HHS, through HCFA, contracted with an "intermediary" to administer the Medicare program as it related to home healthcare service claims in Florida.

4. The Medicare Part A program provided payment and reimbursement for certain medically necessary home healthcare services provided to Medicare Part A beneficiaries.

5. The Medicare intermediary for Florida, on behalf of HHS/HCFA, accepted claims for payment and reimbursement submitted by home healthcare service providers using Medicare approved cost reports.

6. The Medicare intermediary for Florida, on behalf of HHS/HCFA, processed and adjudicated cost reports submitted by home healthcare providers for payment and reimbursement, and made Medicare program payments to home health care providers based upon information provided in cost reports submitted to the intermediary.

7. The Medicare program reimbursed home healthcare providers only for those costs that were necessary for the provision of medically necessary home health care services provided to Medicare beneficiaries. The reimbursable expenses included salaries of patient care providers and reasonable administrative expenses directly related to the provision of patient care services to Medicare beneficiaries.

8. Interim Healthcare of Hollywood, Inc., was a home healthcare service provider operating in Broward County, Florida. Interim Healthcare of Hollywood, Inc., was an authorized Medicare provider of home healthcare services in the Southern District of Florida.

9. BRADLEY HERTZ was the President of Interim Healthcare of Hollywood, Inc., and was responsible for the daily operations of the corporation.

10. JOHN LEITI was, at various times, the Chief Financial Officer and Vice President for Finance, of Interim Healthcare of Hollywood, Inc., and was responsible for the financial operations of the corporation, including the preparation of Medicare cost reports.

## COUNT I

11. From on or about January 1, 1994, and continuing to in or about February 1997, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

BRADLEY HERTZ and
JOHN LEITI,

and other persons known and unknown to the United States Attorney, did knowingly and willfully enter into an agreement and conspiracy with each other to defraud the Department of Health and Human Services, a department and agency of the United States, by obtaining the payment of false, fictitious and fraudulent claims, in the manner and means as follows:

## MANNER AND MEANS

12. It was part of the agreement and conspiracy that the defendants, BRADLEY HERTZ and JOHN LEITI, and other persons known and unknown to the United States Attorney, knowingly and intentionally included, and caused to be included, in the Medicare cost reports submitted by Interim Healthcare of Hollywood, Inc., for the years 1994 through 1997, certain non-reimbursable personal expenses of BRADLEY HERTZ, in particular, personal meal and travel expenses of BRADLEY HERTZ that were not related to patient care of Medicare beneficiaries.

13. It was also part of the agreement and conspiracy that the defendants, BRADLEY HERTZ and JOHN LEITI, and other persons known and unknown to the United States Attorney, knowingly and intentionally included, and caused to be included, in the Medicare cost reports submitted by Interim Healthcare of Hollywood, Inc., for the years 1996 and 1997, salary expenses

3

of Walter Hertz that were unrelated to the administration of the Medicare component of Interim Healthcare of Hollywood, Inc.

14.    It was also part of the agreement and conspiracy that the defendants, BRADLEY HERTZ and JOHN LEITI, through the knowing and intentional inclusion in the cost reports submitted by Interim Healthcare of Hollywood, Inc., of non-reimbursable personal expenses of BRADLEY HERTZ, and non-reimbursable salary expenses of Walter Hertz, would cause payments to be made by the Department of Health and Human Services to Interim Healthcare of Hollywood, Inc., that Interim Healthcare of Hollywood, Inc., was not entitled to under the Medicare program.

All in violation of Title 18, United States Code, Section 286.

GUY A. LEWIS
UNITED STATES ATTORNEY

ROBERT N. NICHOLSON
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA           CASE NO. _____

v.                                 **CERTIFICATE OF TRIAL ATTORNEY***
Bradley Hertz and John Leiti
_____        **Superseding Case Information**:

**Court Division:** (Select One)      New Defendant(s)    Yes ___  No ___
                                   Number of New Defendants  ___
___ Miami  ___ Key West            Total number of counts    ___
_X_ FTL    ___ WPB  ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:       (Yes or No) _No_
   List language and/or dialect _____

4. This case will take _0_ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                    (Check only one)

   I    0 to 5 days      _X_      Petty      ___
   II   6 to 10 days     ___      Minor      ___
   III  11 to 20 days    ___      Misdem.    ___
   IV   21 to 60 days    ___      Felony     _X_
   V    61 days and over ___

6. Has this case been previously filed in this District Court? (Yes or No) _No_
   If yes:
   Judge: _____  Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter? (Yes or No) _No_
   If yes:
   Magistrate Case No. _____
   Related numbers: 95-7104-CIV-JAG/SNOW; 99-7272-CIV-UUB; & 98-7202-CIV-WJZ
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____  District of _____

   Is this a potential death penalty case? (Yes or No) ___NO___

7. Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 1999? _X_ Yes ___ No   If yes, was it pending in the Central Region? _X_ Yes ___ No

8. Did this case originate in the Narcotics Section, Miami? ___ Yes _X_ No

_____
ROBERT N. NICHOLSON
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 933996

*Penalty Sheet(s) attached                                REV.6/27/00

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

Defendant's Name: _____ Bradley Hertz _____ No.:_____

Count # :1
Conspiracy to defraud a department and agency of the United States Government; in violation of 18:286.

*Max Penalty: Ten (10) years' imprisonment; $250,000. fine.

Count # :

*Max Penalty:

Count # :

*Max Penalty:

Count # :

*Max Penalty:

Count #:

*Max Penalty:

Count #:

*Max Penalty:

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

Defendant's Name: _____John Leiti_____     No.:_____

Count # :1
Conspiracy to defraud a department and agency of the United States Government; in violation of 18:286.

*Max Penalty: Ten (10) years' imprisonment; $250,000. fine.

Count # :

*Max Penalty:

Count # :

*Max Penalty:

Count # :

*Max Penalty:

Count #:

*Max Penalty:

Count #:

*Max Penalty:

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.

REV. 12/12/96