UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,    )
                             )
            Plaintiff,       )    CASE NO. 00-6207-CR-DIMITROULEAS
                             )
vs.                          )
                             )
JOHN LEITI,                  )
                             )
            Defendant.       )
_____)

**UNOPPOSED MOTION FOR
EARLY TERMINATION OF PROBATION**

COMES NOW the defendant, **JOHN LEITI**, by and through his undersigned attorney and pursuant to the applicable Federal Rules of Criminal Procedure, respectfully submits the instant Unopposed Motion For Early Termination of Probation, and in support thereof, states as follows:

1.  On December 15, 2000, the defendant, John Leiti, was sentenced to a term of five (5) years probation, together with a $20,000.00 fine and fifty (50) hours of community service. A copy of this Court's Judgment In A Criminal Case is attached hereto as Exhibit 1.

2.  At present, the defendant has completed more than three (3) years of his probation without incident. In addition, the defendant's fine has been paid in full and the defendant's community service obligation has been fully satisfied.



3. The defendant is presently under the supervision of U.S. Probation Officer Kevin Thomas, 2000 Powers Ferry Road, Suite 530, Marietta, Georgia 30067 (telephone number 770-980-0369, ext. 231). Mr. Thomas has advised the undersigned counsel that he considers the defendant to be an appropriate candidate for early termination of probation. The undersigned counsel has also discussed this matter with AUSA Robert Nicholson who stated that he had no objection to an early termination of probation for the defendant, John Leiti, so long as the U.S. Probation Office was in agreement.

4. Accordingly, the instant Motion for Early Termination of Probation is fully supported by the U.S. Probation Office and unopposed by the U.S. Attorneys Office.

WHEREFORE the defendant, JOHN LEITI, respectfully moves this Honorable Court for an Order for Early Termination of Probation and for such other and further relief as the Court shall deem appropriate.

Respectfully submitted,

By: _____
ROBERT I. TARG
ROBERT I. TARG, P.A.
7600 Red Road, Suite 200
So. Miami, FL 33143
Tel: (305) 661-1984
Fax: (305) 661-1384
Fla. Bar No. 272299

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Unopposed Motion For Early Termination of Probation was furnished by United States mail this 28 day of JANUARY, 2004, to AUSA ROBERT N. NICHOLSON, United States Attorneys Office, 500 E. Broward Blvd., 7th Floor, Ft. Lauderdale, FL 33304-3002 and Kevin Thomas, U.S. Probation Officer, 2000 Powers Ferry Road, Suite 530 Marietta, Georgia 30067.

_____
ROBERT I. TARG

AO 245B (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case

# United States District Court

## Southern District of Florida

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| JOHN LEITI | Case Number: 0:00CR06207-002 |
| | Robert Targ, Esq./Robert Nicholson, AUSA |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s) **1**

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 286 | Conspiracy to Submit False Claims Against the United States | 02/28/1997 | 1 |

FILED by _____ D.C.
DEC 1 9 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 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
Defendant's Date of Birth: 09/21/1955
Defendant's USM No.: 55476-004
Defendant's Residence Address:
4203 Tiverton Court
Roswell

Defendant's Mailing Address:
4203 Tiverton Court
Roswell    30075

12/15/2000
Date of Imposition of Judgment

Signature of Judicial Officer

WILLIAM P. DIMITROULEAS
UNITED STATES DISTRICT JUDGE
Name & Title of Judicial Officer

December 19, 2000
Date

Certified to be a true and correct copy of the document on file
Clarence Maddox, Clerk,
U.S. District Court
Southern District of Florida
By _____ Deputy Clerk
Date 1/29/04

EXHIBIT 1

AO 245B (Rev. 8/96) Sheet 4 - Probation
Case 0:00-cr-06207-WPD  Document 55  Entered on FLSD Docket 01/30/2004  Page 5 of 9

Judgment-Page __2__ of __6__

DEFENDANT: **JOHN LEITI**
CASE NUMBER: **0:00CR06207-002**

## PROBATION

The defendant is hereby placed on probation for a term of     5     year(s)  .

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

> The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.
>
> ☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

> If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.
>
> The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

See Special Conditions of Supervision - Page 3

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 8/96) Sheet 4 - Probation
Case 0:00-cr-06207-WPD   Document 55   Entered on FLSD Docket 01/30/2004   Page 6 of 9

Judgment-Page __3__ of __6__

DEFENDANT:      JOHN LEITI
CASE NUMBER:    0:00CR06207-002

## SPECIAL CONDITIONS OF SUPERVISION

The defendant is to perform 50 hours of community service per year during the period of supervision, as directed by the U.S. Probation Officer.

The defendant is allowed to travel for business purposes with prior approval from the U.S. Probation Officer.

The defendant shall provide complete access to financial information, including disclosure of all business and personal finances to the U.S. Probation Officer.

Judgment-Page __4__ of __6__

DEFENDANT: **JOHN LEITI**
CASE NUMBER: **0:00CR06207-002**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| Totals: | $ 100.00 | $ 20,000.00 | $ 120,000.00 |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . . $ _____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ The interest requirement is waived.

  ☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case will be entered after such a determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Totals: | $ _____ | $ _____ | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: JOHN LEITI
CASE NUMBER: 0:00CR06207-002

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A [X] ~~in full immediately~~; or   See Below.

B [ ] $ _____ immediately, balance due (in accordance with C, D, or E); or

C [ ] not later than _____; or

D [ ] in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E [ ] in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

**The Court imposed a $20,000.00 Fine with $15,000.00 due today at sentencing and the remainder to be paid over the term of Probation.**

**The Court imposed $120,000.00 Restitution, however, the Court defers the first payment until after the Co-Defendant is Sentenced. The fine and restitution shall be made payable to Clerk, U.S. Courts and forwarded to the Clerk of Court, 301 North Miami Avenue, Miami, Florida 33128** Attention: Financial Section, who will then forward restitution to the U.S. Department of Health and Human Services.

[X] Joint and Several

| Case Number (including Defendant Number) | Defendant Name | Joint and Several Amount |
|---|---|---|
| 00-6207-001-CR- | Bradley Hertz | $120,000.00 |

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.

AO 245B (Rev. 3/96) Sheet 6 - Statement of Reasons  Case 0:00-cr-06207-WPD   Document 55   Entered on FLSD Docket 01/30/2004   Page 9 of 9

Judgment-Page __6__ of __6__

DEFENDANT: JOHN LEITI
CASE NUMBER: 0:00CR06207-002

## STATEMENT OF REASONS

[x] The court adopts the factual findings and guideline application in the presentence report.

**OR**

[ ] The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level:   12

Criminal History Category:   I

Imprisonment Range:   10 to 16 months

Supervised Release Range:   2 to 3 years

Fine Range: $ __3,000.00__ to $ __30,000.00__

    [ ] Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ __120,000.00__

    [ ] Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

    [ ] For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the forseeable future under any reasonable schedule of payments.

    [ ] Partial restitution is ordered for the following reason(s):

[ ] The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**OR**

[ ] The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

**OR**

[x] The sentence departs from the guideline range:

    [x] upon motion of the government, as a result of defendant's substantial assistance.

    [ ] for the following specific reason(s):